```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF INDIANA
                   SOUTH BEND DIVISION
```

PHILLIP WHITE,              )
                            )
Petitioner,                 )
                            )
vs.                         )    CAUSE NO. 3:13-CV-004
                            )
SUPERINTENDENT,             )
                            )
Respondent.                 )

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus filed by Phillip White, a *pro se* prisoner, on January 2, 2013. For the reasons set forth below, the petition (DE #1) is **DENIED** and White is **DENIED** a certificate of appealability.

BACKGROUND

Phillip White is challenging his conviction and 55 year sentence for murder by the Delaware Circuit Court on July 17, 2006, under cause number 18C05-0506-MR-2. White filed a direct appeal; the Court of Appeals of Indiana affirmed in an unpublished opinion, *White v. State*, 870 N.E.2d 1093 (table), 18A02-0607-CR-604 (Ind. Ct. App. 2007) (DE 9-5); and the Indiana Supreme Court denied transfer. White filed a petition for post-conviction relief which was denied; the Court of Appeals of Indiana affirmed in *White v.*

*State*, 971 N.E.2d 203 (Ind. Ct. App. 2012) (DE #9-11); and the Indiana Supreme Court denied transfer.

In this habeas corpus petition, White argues that he "was denied the right to the effective assistance of appellate counsel in violation of the Fifth, Sixth, and Fourteenth Amendments when appellate counsel failed to argue his conviction for felony murder violates the Proportionality Clause of the Indiana Constitution because involuntary manslaughter has identical elements but carries a lesser penalty." (DE #1 at 4.)

DISCUSSION

White raised this claim during his post-conviction proceedings and it was denied on the merits.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Under this deferential standard, a federal habeas court must "attend closely" to the decisions of state courts and "give them full effect when their findings and judgments are consistent with federal law." *Williams v. Taylor*, 529 U.S. 362, 383

2

(2000). A state court decision is contrary to federal law if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court or reaches an opposite result in a case involving facts materially indistinguishable from relevant U.S. Supreme Court precedent. *Bell v. Cone*, 535 U.S. 685, 694 (2002). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be "objectively" unreasonable. *Wiggins v. Smith,* 539 U.S. 510, 520 (2003). This is a difficult standard to meet, and "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. __, __; 131 S. Ct. 770, 786 (2011).

> Under *Strickland v. Washington*, [counsel] cannot be found to be constitutionally ineffective unless (1) his performance was deficient, meaning it fell below an objective standard of reasonableness informed by prevailing professional norms and (2) his deficient performance [was] prejudic[al], meaning that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. In evaluating an attorney's performance, courts must defer to any strategic decision the lawyer made that falls within the wide range of reasonable professional assistance, even if that strategy was ultimately unsuccessful. And because of AEDPA an extra layer of deference enters the picture: we will defer to the Indiana appellate court's determination [of] effective assistance of counsel unless that determination is contrary to, or an unreasonable application of, clearly established Supreme Court precedent, or was based on an unreasonable determination of the facts. An application of Supreme Court precedent is reasonable – even if wrong in our view – so long as fairminded jurists could disagree over its correctness. The combination of

3

> *Strickland* and Section 2254(d) requires deference upon
> deference from federal courts reviewing the
> constitutionality of state criminal convictions.

*Shaw v. Wilson*, 721 F.3d 908, 914 (7th Cir. 2013) (quotation marks and citations omitted).

> Appellate lawyers are not required to present every nonfrivolous claim on behalf of their clients – such a requirement would serve to bury strong arguments in weak ones – but they are expected to select the most promising issues for review. For this reason, if [counsel] abandoned a nonfrivolous claim that was both obvious and clearly stronger than the claim that he actually presented, his performance was deficient, unless his choice had a strategic justification. This standard is difficult to meet because the comparative strength of two claims is usually debatable. But *Smith* [*v. Robbins*, 528 U.S. 259, 288 (2000)] confirms that the theory is available. We evaluate [counsel]'s performance from the perspective of a reasonable attorney at the time of [the] appeal, taking care to avoid the distorting effects of hindsight.

*Shaw*, 721 F.3d at 915 (quotation marks, brackets, and citations omitted).

In affirming the denial of post-conviction relief, the Court of Appeals of Indiana found that the Proportionality Clause argument that White argues should have been raised was meritless.

> Had his appellate counsel raised this argument under the guise of *Poling* [*v. State*, 853 N.E.2d 1270 (Ind. Ct. App. 2006)], this court would have soundly rejected it. On these facts, felony murder and involuntary manslaughter are different crimes with different statutory elements and, thus, the different sentences for these crimes presents no constitutional issue under the Proportionality Clause. Accordingly, White cannot demonstrate that this issue was either significant and obvious from the face of the record or clearly stronger than the issues his appellate counsel did raise.

*White v. State*, 971 N.E.2d 203, 209 (Ind. Ct. App. 2012).

4

White argues that this was clearly erroneous because "[t]he post-conviction court and the Indiana Court of Appeals rendered erroneous decisions based on an erroneous interpretation of the current statute on felony murder." (DE 14-1 at 9-10.)

> But it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). And we have repeatedly held that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." 502 U.S., at 67–68, 112 S. Ct. 475.

*Wilson v. Corcoran*, 131 S.Ct. 13, 16 (2011). Thus, even if White is correct that the Indiana courts have incorrectly applied Indiana law, that is not a basis for habeas corpus relief. Thus, this Court must accept that the Proportionality Clause argument that White is asserting would have been wholly meritless if it had been raised on direct appeal. As such, it was not an unreasonable determination to have found that it was neither obvious nor clearly stronger than the issues raised on appeal, no matter how weak they might have been.

## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of

appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, White has not made such a showing and will be denied a certificate of appealability.

CONCLUSION

For the reasons set forth above, the habeas corpus petition (DE #1) is **DENIED** and White is **DENIED** a certificate of appealability.

DATED: March 19, 2015                    /s/RUDY LOZANO, Judge
                                         **United State District Court**